Matter of Silda E.H. (Henderson) (2025 NY Slip Op 02918)

Matter of Silda E.H. (Henderson)

2025 NY Slip Op 02918

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2021-04189
 (Index No. 100311/04)

[*1]In the Matter of Silda E. H. (Anonymous). Michael Henderson, appellant, et al., petitioner; Leonard Spector, et al., nonparty-respondents.

Marisa Falero, Brooklyn, NY, for appellant.
Leonard Spector and Marc Freedman (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), nonparty-respondents pro se.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, the petitioner Michael Henderson appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated December 30, 2020. The order denied, after a hearing, that petitioner's motion, inter alia, to vacate (1) so much of an order of the same court dated March 11, 2016, as awarded a court examiner fees in the sum of $4,050 for extraordinary services, (2) so much of five orders of the same court, each dated March 11, 2016, as each awarded a court-appointed accountant fees in the sum of $3,300 for accounting services, and (3) so much of an order of the same court dated November 1, 2016, as directed the payment of fees in the sum of $4,050 to the court examiner for extraordinary services and in the total sum of $16,500 to the court-appointed accountant for accounting services, respectively, directly from the guardianship estate, and, in effect, to recalculate the fees awarded to the court examiner and court-appointed accountant.
ORDERED that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying those branches of the motion of the petitioner Michael Henderson which were to vacate so much of five orders, each dated March 11, 2016, as each awarded the court-appointed accountant fees in the sum of $3,300 for accounting services and, in effect, to recalculate the fees awarded to the court-appointed accountant, and substituting therefor a provision granting those branches of the motion to the extent of reducing each award of fees for accounting services from the sum of $3,300 to the sum of $423, and (2) by deleting the provision thereof denying that branch of that petitioner's motion which was to vacate so much of the order dated November 1, 2016, as directed the payment of fees in the total sum of $16,500 to the court-appointed accountant for accounting services directly from the guardianship estate, and substituting therefor a provision granting that branch of the motion to the extent of directing the payment of fees in the total sum of $2,115 to the court-appointed accountant for accounting services directly from the guardianship estate; as so modified, the order is affirmed, with costs payable to the petitioner Michael Henderson.
In May 2005, the petitioners, Michael Henderson and Patrice Henderson (hereinafter together the guardians), commenced this proceeding pursuant to article 81 of the Mental Hygiene Law to be appointed co-guardians of the person and property of their mother, Silda E. H. (hereinafter [*2]the IP). Shortly thereafter, the guardians were appointed co-guardians of the person and property of the IP.
In January 2010, Leonard Spector was appointed as successor court examiner in the guardianship proceeding. By letter dated November 10, 2011 (hereinafter the November 2011 letter), Spector asked the guardians for clarification regarding the IP's bank account balance and for supporting documents with respect to how the IP's estate was being invested or expended on her behalf. In an order dated January 9, 2012, the Supreme Court directed the guardians to provide the information requested in the November 2011 letter. In June 2013, the court authorized the guardians to retain the services of an accountant to assist in preparing annual accountings for certain years, and, in an order dated February 4, 2014, the court appointed Marc Freedman for that purpose.
Thereafter, five accountings covering the years 2008 through 2013 were filed and approved by the Supreme Court in five separate orders, each dated March 11, 2016. The 2013 accounting was later deemed a final accounting as the IP died in October 2013. One of the orders dated March 11, 2016, awarded Spector, inter alia, fees in the sum of $4,050 for extraordinary services. The five orders each awarded Freedman fees in the sum of $3,300 for accounting services related to each of the five accountings, for a total sum of $16,500 in fees. In an order dated November 1, 2016, after the guardians failed to tender payment for Spector's and Freedman's fees, the court directed that the fees be paid directly from the guardianship estate.
In December 2016, Michael Henderson (hereinafter Michael) moved, among other things, to vacate so much of the five orders dated March 11, 2016, as awarded Spector fees in the sum of $4,050 for extraordinary services and Freedman fees in the sum of $3,300 each for accounting services related to the five accountings and so much of the order dated November 1, 2016, as directed the payment of fees in the sum of $4,050 to Spector for extraordinary services and in the total sum of $16,500 to Freedman for accounting services, respectively, directly from the guardianship estate, and, in effect, to recalculate the fees awarded to Spector and Freedman. In an order dated December 30, 2020, after a hearing, the Supreme Court denied Michael's motion. Michael appeals.
The Mental Hygiene Law requires that guardians file annual reports regarding the condition of incapacitated persons and the management of their property (see Mental Hygiene Law §§ 81.30-81.33; Matter of Rhodanna C.B. [Pamela B.], 36 AD3d 106, 111). "The presiding justice of the appellate division in each department, or a justice of the supreme court or a special referee designated by a majority of the justices of the appellate division in each department at the request of the presiding justice, shall examine, or cause to be examined by persons designated by the presiding justice or the justices as examiners, all such reports" (Mental Hygiene Law § 81.32[b]). "The expenses of the examination shall be payable out of the estate of the incapacitated person examined if the estate amounts to five thousand dollars or more" (id. § 81.32[f]).
The appropriate amount of compensation for court examiners or court-appointed accountants in guardianship matters is not otherwise discussed in the Mental Hygiene Law, as it is for guardians (see id. § 81.28). This Court has nonetheless periodically published a schedule of appropriate fees for court examiners and court-appointed accountants in such matters, which are based on the size of the guardianship estate (see Supreme Court of the State of New York Appellate Division: Second Judicial Department, Best Practices, Guardianship Proceedings at 18-20 [2005] available at https://www.nycourts.gov/courts/ad2/pdf/BestPracticesHandbook_1.pdf [last accessed May 1, 2025]), and which were fixed by an administrative order of this Court dated May 29, 2019 (see https://www.nycourts.gov/courts/ad2/pdf/AdminOrder-CourtExaminerFees.pdf; see also Supreme Court of the State of New York Appellate Division: Second Judicial Department, Best Practices, Guardianship Proceedings at 29-31 [2022] available at https://www.nycourts.gov/courts/AD2/pdf/BestPracticesHandbook2022.pdf [last accessed May1, 2025] [hereinafter Guidelines] [listing updated schedule of examiner and accounting fees]). Moreover, it is axiomatic that, as with the compensation provided for guardians, any award of compensation provided for court examiners or court-appointed accountants "should be commensurate with the services actually rendered" (Matter of Vincent V. [Isler], 187 AD3d 764, 766 [*3][internal quotation marks omitted]). With this principle in mind, the Supreme Court, in determining the appropriate fees for a court examiner or court-appointed accountant, is nonetheless entitled to depart from the Guidelines where the appointee has demonstrated that the court examiner or court-appointed accountant rendered extraordinary services warranting such a departure (see Matter of Albert K. [D'Angelo], 96 AD3d 750, 753; see also Guidelines at 11-12).
Applications for fees above the Guidelines for extraordinary services "should be evaluated by utilizing generally recognized standards—the time and labor expended, the complexity of the issues presented, the fees customarily charged, the nature of the services rendered (i.e., whether the services rendered were legal or ministerial in nature, which in turn drives the appropriate compensation rate) and whether the services rendered were necessarily incurred" (Guidelines at 12 [internal quotation marks omitted]; cf. Matter of Vincent V. [Isler], 187 AD3d at 765-766; Matter of Ruth S. [Stein], 181 AD3d 943, 944; Matter of Albert K. [D'Angelo], 96 AD3d at 753).
Here, the Supreme Court providently exercised its discretion in awarding Spector fees in the amount of $4,050 for extraordinary services, which stemmed from, inter alia, Spector's reasonable attempts to reconcile the sale of the IP's real property with the balance of the guardianship estate (see Matter of Albert K. [D'Angelo], 96 AD3d at 753; Matter of Arnold O., 279 AD2d 774, 779; see also Guidelines at 12). However, Freedman's submissions did not support any fees above the Guidelines for the accounting services rendered by him, the vast majority of which consisted of routine data entry.
Accordingly, we modify the order dated December 30, 2020, to the extent indicated herein.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court